# United States Tax Court

T.C. Memo. 2024-74

WHISTLEBLOWER 6544-19W,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 6544-19W.                         Filed July 18, 2024.

_____

*Jason D. Wright*, *T. Barry Kingham*, and *Kaitlyn T. Devenyns*, for petitioner.

*Jadie T. Woods*, *George E. Heuring, Jr.*, and *Eric R. Skinner*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

CARLUZZO, *Chief Special Trial Judge*: An individual who provides information to respondent about a taxpayer who underpaid a federal tax or otherwise violated the internal revenue laws generally is entitled to a mandatory award ranging from 15% to 30% of collected proceeds if (subject to conditions and limitations not here in dispute) respondent: (1) proceeds with an administrative or judicial action on the basis of the information provided by the individual (sometimes referred to as a "whistleblower") and (2) collects proceeds as a result of the action depending on "the extent to which the individual substantially contributed to such action." *See* § 7623(b).[1]

_____

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times.

[*2]  In this case, pursuant to section 7623(b)(4), petitioner seeks our review of an award determined by respondent's Whistleblower Office (WBO).  According to petitioner, the information provided led to the collection of millions of dollars of federal income tax, a point not in dispute.  As petitioner views the matter, respondent's WBO abused its discretion because the award here under consideration equaled only 22%, rather than 30% of collected proceeds.  Respondent acknowledges that petitioner received section 7623(b) awards that equaled 30% of collected proceeds with respect to other related claims.  According to respondent, however, each award determined by the WBO stands on its own, and in this case the award determined by the WBO is supported in law and in fact.  That being so, according to respondent, petitioner's award computed at 22% of collected proceeds does not constitute an abuse of discretion.

We agree with respondent and summarize our reasons for doing so in the following paragraphs.

## FINDINGS OF FACT

While employed by an investment banking firm (IBF), petitioner became aware of various tax strategies developed and marketed by IBF.  We think it inappropriate to provide the details and/or nature of IBF's program.  The situation is obviously well known to the parties, and to do so in this Opinion might compromise petitioner's entitlement to proceed anonymously.  For purposes here, describing IBF's program as a "tax avoidance scheme" will suffice.

Petitioner provided information (including IBF internal documents) regarding the tax avoidance scheme to respondent's Criminal Investigation Division years ago, but the agency did little in response.  Investigations conducted by Congress and respondent confirmed petitioner's allegations with respect to the existence of the tax avoidance scheme and the taxpayers involved in it only after petitioner's information was given to a newspaper journalist who made the tax avoidance scheme public.

## OPINION

In cases such as this one, we limit our review to the administrative record and decide, on the basis of that record, whether the determination of an award made by respondent's WBO is an abuse of discretion. *See Kasper v. Commissioner*, 150 T.C. 8, 21 (2018). We do not substitute our judgment for that of respondent's WBO; our review is

**[*3]** to ensure that the WBO's determination is "within the bounds of reasoned decisionmaking," *Van Bemmelen v. Commissioner*, 155 T.C. 64, 72 (2020) (quoting *Dep't of Com. v. New York*, 139 S. Ct. 2551, 2569 (2019)), and not on the basis of an erroneous view of the law or a clearly erroneous assessment of the facts, *see Kasper*, 150 T.C. at 23 (citing *Fargo v. Commissioner*, 447 F.3d 706, 709 (9th Cir. 2006), *aff'g* T.C. Memo. 2004-13).

If, as in petitioner's situation, a whistleblower's information causes the Commissioner to proceed with multiple administrative or judicial proceedings each resulting in collected proceeds, then the WBO may determine separate award percentages on an action-by-action basis and apply the separate award percentages to the collected proceeds attributable to the corresponding action. *See* Treas. Reg. § 301.7623-4(a)(2). That is what happened here. The fact that the WBO determined an award equaling 30% of collected proceeds in one (or more) of petitioner's related claims is not determinative of the amount of the award petitioner is entitled to in this case. After all, the record shows that the collected proceeds resulted from a combination of the information provided by petitioner and further development of facts by respondent's examination team.

Section 7623(b) does not provide specific guidance on how respondent's WBO should quantify the substantial contribution of a taxpayer, nor does it mandate that the WBO issue an award in excess of 15%. Although the statute implicitly creates a direct proportional relationship between the award percentage and the extent of the substantial contribution of the whistleblower, the detail of the process is set forth in the corresponding regulations. And those regulations create what is referred to as a "fixed percentage approach."

The Preamble to the proposed regulations under section 7623 describes the fixed percentage approach implemented by Treasury Regulation § 301.7623-4(c)(1)(ii) as follows:

> Generally, the proposed regulations adopt a fixed percentage approach pursuant to which the Whistleblower Office will assign claims for award to one of a number of fixed percentages within the applicable award percentage range. The fixed percentage approach provides a structure that will promote consistency in the award determination process by enabling the Whistleblower Office to determine awards across the breadth of the applicable percentage

**[\*4]** range based on meaningful distinctions among cases. In general, the Whistleblower Office will determine awards at the uppermost end of the applicable percentage range, for example, 30 percent of collected proceeds under section 7623(b)(1), only in extraordinary cases. The fixed percentage approach avoids having to draw fine distinctions that might seem unfair and arbitrary, given the differences among claims for award with respect to both the facts and law of the underlying actions and the nature and extent of the substantial contribution of the claimants.

Prop. Treas. Reg. § 301.7623-4, 77 Fed. Reg. 74798, 74802–03 (Dec. 18, 2012).

That is the approach that respondent's WBO took in this case, and petitioner does not suggest that the approach in any way violates the intent of section 7623(b).

The computational framework for the WBO to determine the award percentage is set forth as follows:

Starting the analysis at 15 percent, the Whistleblower Office will analyze the administrative claim file using the factors listed in paragraph (b)(1) of this section to determine whether the whistleblower merits an increased award percentage of 22 percent or 30 percent. The Whistleblower Office *may* increase the award percentage based on the presence and significance of positive factors. The Whistleblower Office will then analyze the contents of the administrative claim file using the factors listed in paragraph (b)(2) of this section to determine whether the whistleblower merits a decreased award percentage of 15 percent, 18 percent, 22 percent, or 26 percent. The Whistleblower Office may decrease the award percentage based on the presence and significance of negative factors. Although the factors listed in paragraphs (b)(1) and (2) of the section are described as positive and negative factors, the Whistleblower Office's analysis cannot be reduced to a mathematical equation. The factors are not exclusive and are not weighted and, in a particular case, one factor may override several others. The presence and significance of

[*5]    positive factors may offset the presence and significance of negative factors.

Treas. Reg. § 301.7623-4(c)(1)(ii) (emphasis added).

Eight nonexclusive positive factors are set forth in Treasury Regulation § 301.7623-4(b)(1).  Respondent's WBO found that only one applies here, that is, that petitioner's information "identified connections between transactions, or parties to transactions, that enabled the IRS to understand tax implications that might not otherwise have been understood by the IRS." *See id.* subdiv. (vii).  The absence of negative factors, as in this case, does not constitute a positive factor.

Respondent's WBO proceeded as the regulation directs, and petitioner does not suggest that the regulation is invalid.  Respondent's WBO found only one of the positive factors to apply and increased petitioner's award from 15% to 22% of collected proceeds.  We note that the positive factors included in the regulation do not include one that requires the WBO to take into consideration the fixed percentage amounts of awards that a whistleblower received with respect to related claims.  *Whistleblower 8391-18W v. Commissioner*, No. 8391-18W, 161 T.C., slip op. at 17 (Oct. 16, 2023).

Petitioner argues that other positive factors listed in the regulation apply, and the inclusion of the other factors in the mix should increase the award to 30% of collected proceeds.  Whether other factors apply, and if so, whether the application of other factors would increase the award to 30% of collected proceeds, of course, is just a matter of opinion.  We find no arbitrariness or capriciousness in the WBO's setting the award determination percentage at 22% of collected proceeds.

All things considered, we are satisfied that respondent's WBO's determination to calculate petitioner's award at 22% of collected proceeds is supported both in fact and in law.  It follows that the determination is not an abuse of discretion.

To reflect the foregoing,

*Decision will be entered for respondent.*